UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER ALLEN WHITE,**<br><br>Plaintiff,<br><br>vs.<br><br>**DANA NESSEL and MICHAEL FREZZA,**<br><br>Defendants. | **2:22-CV-12162-TGB-APP**<br><br>**ORDER DISMISSING COMPLAINT** |

Christopher Allen White, a Michigan citizen who represents himself, filed a federal complaint on September 13, 2022, naming Michigan Attorney General Dana Nessel and Michael Frezza, an Assistant Attorney General employed by the Michigan Attorney General, as defendants. (ECF No. 1.)

Because White paid the filing fee, the Court is not authorized to screen the complaint under 28 U.S.C. § 1915(e) to determine whether it should be dismissed because it is frivolous or malicious or fails to state a claim upon which relief may be granted. *See Clark v. United States*, 74 Fed. App'x 561, 562 (6th Cir. 2003). Nonetheless, the Court may dismiss an action "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d

1

477, 479 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008).

As a self-represented litigant, White is entitled to liberal construction of his complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But his complaint is difficult to follow. He invokes the First and Fourteenth Amendments and alleges that Defendants have implemented a biased system of complaint resolution that "targets individuals based on their controversial political issues/viewpoints, ethnic identifiers, housing identifiers and sex identifiers." (ECF No. 1, PageID.6.) He also references the Michigan Rules of Professional Conduct, asserts that "legal representation should not be denied to people . . . whose views are controversial or [the] subject of popular disapproval," and suggests that the Michigan Department of Civil Rights is conspiring to suppress complaints from disenfranchised and marginalized communities. (*Id.* at PageID.6-9.) Except for noting that he did not receive a response to a complaint he submitted to the Attorney General for over 572 days, he provides few details. He requests over $1,000,000.00 in damages and also asks for various forms of injunctive relief. (*Id.* at PageID.71.)

As exhibits, White attaches several documents, including communications with the Michigan Department of Civil Rights, the Federal Communications Commission, and the Internet Crime Complaint Center. The relevance of some of these documents and their connection to the defendants is less than clear. The communications

2

concern a series of apparently unrelated events, ranging from an allegedly wrongful arrest by officers of the City of Utica Police Department, to attempted purchases of books at an Ollie's Bargain Outlet, to worries about potentially fraudulent letters from AT&T, to vague allegations of a "deterrent campaign" waged against White (he does not specify by who) that has included "network interference, property damage, physical harassments, phishing models, and potential obstructions of justice."

In two later filings, styled as "Memorandum Statements of Claims," White further complains that the Attorney General's General Complaint Response Website is constitutionally deficient. (ECF Nos. 8, 13.) He worries that the web system is insecure and has contributed to complaint submission failures. He further suggests that the Attorney General's failure to provide a satisfactory resolution to his complaints amounts to a gross dereliction of duties, as the Attorney General is tasked with "[r]epresenting the People of Michigan in civil and criminal matters before trial courts." (ECF No. 8, PageID.87-92.) He also includes recent voter statistics, alludes to general concerns about security in the State of Michigan, notes that he expended "a significant amount of time and service to pivotal general elections in Genesee County, MI," and expresses a belief that his complaints are being ignored because he "pose[s] a threat to the defendant's political ambition." (ECF No. 13.) He attaches more documents, including letters to the Department of Justice

3

discussing "procedural failures" stemming from "unjustified government surveillance" and an "information crisis and greater risk to Michigan citizens," and a self-authored report about alleged damage to his vehicle at an Amazon distribution center.

The Court concludes that White's complaint must be dismissed for lack of subject matter jurisdiction. His claims are conclusory and ill-supported. Under different circumstances, he might be entitled to an opportunity to amend his complaint. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989). But his additional filings and the documents he has submitted for the Court's review make clear that any effort at amendment would be futile. As best as the Court can tell, White seems to saying that the Attorney General is deliberately engaging in a targeted campaign to silence him on account of his political beliefs and reputation. Although he is undoubtedly motivated by strong beliefs and a love for his country, his allegations lack the legal plausibility necessary to invoke federal subject matter jurisdiction. *Apple*, 183 F.3d at 479-80.

White additionally appears to be dissatisfied with the responses of various government agencies to a bevy of complaints he has submitted for their investigation. But "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985). And White's filings span different agencies, concern

4

different incidents, and are too attenuated from the individuals he has named as defendants to confer jurisdiction on the Court.

Accordingly, White's complaint is **DISMISSED WITHOUT PREJUDICE**. His outstanding filings, which are styled as "Motions for Discovery" but request only confirmation that the Court has received his complaint and the correction of typographical errors in his filings, are **STRICKEN** as procedurally improper. (ECF No. 9, 14.)

**IT IS SO ORDERED**, this 29th day of December, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge